IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID DEWALD, II,

    *Plaintiff,*

v.

CO JENKINS, *et al.*,

    *Defendants.*

CIVIL ACTION
NO. 16-04597

## MEMORANDUM ORDER

**AND NOW**, this 5th day of February, 2018, upon consideration of Defendants' motion to dismiss Plaintiff's Amended Complaint, (ECF No. 26), it is hereby **ORDERED** that the motion is **DENIED**.

In 2016, Dewald, *pro se*, filed a complaint asserting claims for: (1) excessive force; (2) cruel and unusual punishment; (3) violations of his substantive due process rights; and (4) violations of his procedural due process rights. (ECF No. 1.) The Defendants filed a motion to dismiss, (ECF No. 14), which was granted in part and denied in part. (ECF No. 23.) The excessive force and substantive due process claims were dismissed without prejudice, and Dewald was granted leave to amend his complaint. *Dewald v. Jenkins*, No. 16-04597, 2017 WL 1364673 (E.D. Pa. Apr. 13, 2017).

Dewald filed an Amended Complaint alleging cruel and unusual punishment and violations of his procedural due process rights, repeating counts two and four of the complaint that already survived the motion to dismiss. (ECF No. 24.) The Defendants

1

filed a motion to dismiss the Amended Complaint, (ECF No. 26), and for the first time in his response, Dewald asserts two claims against Warden Byrne and CEC, Inc. (ECF No. 29.) Dewald alleges that Warden Byrne was personally involved in the alleged wrongdoing and that CEC, Inc.'s official policy or custom caused the constitutional violations. Dewald may not assert new claims or rely on new facts in response to a motion to dismiss.[1]

Dewald may file a second amended complaint on or before **March 5, 2018** that contains all claims and allegations against all defendants, including claims of cruel and unusual punishment, violations of procedural due process, and any claims he wishes to assert against Warden Byrne and CEC, Inc.


BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[1] *See Gueson v. Feldman*, No. 00-1117, 2002 WL 32308678, at *4 (E.D. Pa. Aug. 22, 2002) ("A plaintiff may not raise new claims in response to a motion to dismiss"); *Hammond v. City of Philadelphia*, No. 00-5082, 2001 WL 823637, at *2 (E.D. Pa. June 29, 2001) ("A party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion").