IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID E. DEWALD, II,<br><br>    *Plaintiff,*<br><br>v.<br><br>CO JENKINS, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION<br>NO. 16-4597 |

**PAPPERT, J.**                        April 2, 2019

## MEMORANDUM

  *Pro se* Plaintiff David Dewald was a prisoner at the George W. Hill Correctional Facility when he sued Correctional Officers Jenkins and Hiller, Warden David Byrne and the corporation that operates the prison, Community Education Centers, Inc., alleging cruel and unusual punishment and violations of his procedural due process rights.

  Defendants moved for summary judgment on September 10, 2018. On October 10, the Court ordered Dewald to respond to Defendants' Motion on or before November 9 or the case would be dismissed for failure to prosecute. Dewald wrote to the Court on October 18, requesting an extension of time to respond. The Court granted his request on November 6, ordering Dewald to respond to the Motion on or before December 10. The Order also told Dewald his failure to do so could result in dismissal of the case. Dewald never responded to the Motion. Considering the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court now dismisses the case.

1

I

Dewald commenced this action on August 23, 2016, by filing an application for leave to proceed *in forma pauperis*. (ECF No. 1). At that time, Dewald was incarcerated at the George W. Hill detention center in Delaware County. (*Id.* at 1.) The Court granted his application on August 26, 2016. (ECF No. 2.) That same day, Dewald filed his Complaint. (ECF No. 3.) On September 21, 2016, he requested counsel. (ECF No. 12.) The following day, the matter was referred to the Prisoner Civil Rights Panel. (ECF No. 13.)

Defendants filed a Motion to Dismiss Dewald's Complaint for failure to state a claim on October 26, 2016. (ECF No. 14.) Dewald notified the Court on February 1, 2017, that he intended to proceed without a lawyer. (ECF No. 20.) On April 13, 2017, the Court granted in part and denied in part Defendants' Motion to Dismiss, (ECF No. 23), and also allowed Dewald leave to file an amended complaint, which he did on May 11, 2017, (ECF No. 24).

On May 25, 2017, Defendants moved to dismiss Dewald's Amended Complaint. (ECF No. 26.) The case was removed from the Prisoner Civil Rights Panel on December 14, 2017, following Dewald's decision to proceed *pro se*. (ECF Nos. 27–28, 35.) On February 5, 2018, the Court denied Defendants' Motion to Dismiss and allowed Dewald to file a second amended complaint on or before March 5, 2018, which he did not do. (ECF Nos. 37 & 38.) Following the Rule 16 conference on April 25, 2018 where Dewald participated by video, (ECF No. 45), the Court issued a Scheduling Order, (ECF No. 44). After reviewing Dewald's request to "post pone [sic] the [S]cheduling [O]rder for 2–3 months," (ECF No. 47), the Court amended its Scheduling Order accordingly, (ECF No.

48). On May 28, 2018, Dewald notified the Court of his change of address to Lackawanna County Prison. (ECF No. 49.)

Discovery ended on August 24, 2018, but on September 4, Dewald requested that the Defendants produce a set of documents. (ECF No. 50.) Defendants moved for summary judgment on September 10, 2018. (ECF No. 51.) On October 10, 2018, the Court ordered Dewald to respond to Defendants' Motion on or before November 9, 2018 or the case would be dismissed for failure to prosecute. (ECF No. 53.) In a letter dated October 18, 2018, Dewald asked for additional time to respond. (ECF No. 54.) On November 6, 2018, the Court extended Dewald's response deadline to December 10, 2018, warning him for a second time that failure to respond could result in the dismissal of the case. (ECF No. 55.) Dewald has not responded to the Motion or communicated with the Court since the November 6 Order.

II

Federal Rule of Civil Procedure 41(b) permits a court to dismiss a suit for failure to prosecute. Fed. R. Civ. P. 41(b). District courts also have inherent power to dismiss a case *sua sponte* for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962) (holding Federal Rule of Civil Procedure 41(b) did not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). Before dismissing a case as a sanction for a party's litigation conduct, a court typically must consider and balance the factors identified by the Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to

discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions and (6) the meritoriousness of the claims or defenses.

747 F.2d at 868 (emphasis omitted).[1] There is no "magic formula" or "mechanical calculation" when analyzing the *Poulis* factors. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citation omitted). "[N]o single [ ] factor is dispositive." *Id.*

III

Dismissal is warranted in this case. Two of the factors strongly weigh in favor of dismissal. As a *pro se* litigant, Dewald bears personal responsibility for failing to comply with the Court's multiple orders directing him to respond to Defendants' Motion for Summary Judgment. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (finding that failure to comply with the court's orders could not be blamed on counsel when plaintiff was proceeding *pro se*). The Court's October 10 and November 6 Orders made clear that Dewald's failure to respond could result in dismissal of the case. Additionally, in light of Dewald's *in forma pauperis* status, alternative sanctions short of dismissal—such as fines, costs, or on an award of attorneys' fees—cannot be imposed.

---

[1] The Third Circuit has instructed that consideration of the *Poulis* factors is not required "[w]hen a litigant's conduct makes adjudication of the case impossible," *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007), such as when a plaintiff refuses to participate in the litigation without explanation. *See, e.g.*, *Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010) (affirming a district court's dismissal of an action for failure to prosecute without considering the *Poulis* factors where the plaintiff failed to respond to discovery requests or to appear for depositions and offered no explanation for his inaction in response to a show cause order from the court); *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994) (holding consideration of the *Poulis* factors was unnecessary where, after receiving an adverse ruling on some of her claims, the plaintiff "willfully refused to prosecute her remaining claims"). While Dewald has communicated with the Court over the course of the litigation and apparently at times engaged in the discovery process, his failure to communicate with the Court since October 2018 suggests he may have abandoned his claims. The Court will nonetheless conduct the *Poulis* analysis.

*See id.* at 191 (upholding a finding that monetary sanctions were not alternative to dismissal where the plaintiff was proceeding *in forma pauperis*).

With respect to the fourth factor, Dewald's unresponsiveness for approximately five months suggests he no longer has any intention to respond or otherwise communicate with the Court. He has actively updated the Court with changes in his address, *see* (ECF Nos. 30–34, 36, 39, 41), and has never claimed that he hasn't received notices or orders from the Court. Courts have held where there is no indication that a plaintiff's failure was from excusable neglect, "the conclusion that their failure is willful is inescapable." *Palmer v. Rustin*, No. 10-42, 2011 5101774, at *2 (W.D. Pa. Oct. 25, 2011); *see also Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) ("Absence of reasonable excuses may suggest that the conduct was willful or in bad faith."); *Breeland v. Doll*, No. 11-cv-1415, 2012 WL 1424778, at *5 (M.D. Pa. Mar. 21, 2012), *report and recommendation adopted*, No. 11-cv-1415, 2012 WL 1454016 (M.D. Pa. Apr. 25, 2012) ("[W]hen the Plaintiff has failed to comply with instructions of the Court directing the Plaintiff to take specific actions in this case, and has violated the local rules, the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions").

With respect to the remaining *Poulis* factors, delay can be prejudicial, *see Briscoe*, 538 F.3d at 259–60, but the Court does not know if Dewald's failure to respond to Defendants' Motion is a source of substantial prejudice to them. Prior to his failure to comply with the two Court Orders directing him to respond, Dewald does not have a history of dilatoriness. Moreover, without a response from Dewald, the Court is

5

"uncertain of the contours" of his claims and therefore their meritoriousness. *Allen v. Am. Fed'n of Gov't Employees*, 317 F. App'x 180, 181 (3d Cir. 2009).

In sum, three of the *Poulis* factors—personal responsibility, unavailability of alternative sanctions and willfulness—weigh in favor of dismissal and the three remaining factors—prejudice, a history of dilatoriness and meritoriousness of the claims—carry less weight. As the Third Circuit noted:

> Not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. The decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court—a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted.

*Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). The Court accordingly dismisses this case for failure to prosecute.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.